IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

RONALD LYNN RICHARDS,

          Plaintiff,

v.                                                   CIVIL ACTION NO. 2:17-cv-03524

NANCY A. BERRYHILL,
Acting Commissioner of Social Security,

          Defendant.

MEMORANDUM OPINION AND ORDER

## I. Introduction

This action was referred to the Honorable Dwane L. Tinsley, United States Magistrate Judge, for submission to this court of proposed findings of fact and recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). The Magistrate Judge has submitted findings of fact and recommended that the court deny the Plaintiff's Motion for Judgment on the Pleadings [ECF No. 7], grant the Defendant's Motion for Judgment on the Pleadings [ECF No. 10], affirm the final decision of the Commissioner, and dismiss this matter from the court's docket. Proposed Findings & Rec. ("PF&R") [ECF No. 11].

On September 11, 2018, the plaintiff timely filed objections to the Magistrate Judge's PF&R. Pl.'s Objs. PF&R [ECF No. 12]. The defendant filed a response on September 19, 2018. Def.'s Resp. [ECF No. 14]. The court has reviewed de novo the

portions of the Magistrate Judge's findings and recommendation to which the plaintiff objects and finds the plaintiff's objections lack merit. For the reasons stated herein, the court **OVERRULES** the plaintiff's objections and **ADOPTS** and **INCORPORATES** the findings and recommendation of the Magistrate Judge. The court **DENIES** the Plaintiff's Motion for Judgment on the Pleadings [ECF No. 7], **GRANTS** the Defendant's Motion for Judgment on the Pleadings [ECF No. 10], **AFFIRMS** the final decision of the Commissioner, and **DISMISSES** this matter from the docket.

## II. Statement of Facts

The court **ADOPTS** the statement of relevant facts and procedural history set forth in Judge Tinsley's PF&R. PF&R 1–2.

## III. Standard of Review

A district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). This court is not, however, required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition, this court need not conduct a de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

The Social Security Act states that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). The Supreme Court has defined substantial evidence as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). Further, "[substantial evidence] consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966).

In reviewing the case for substantial evidence, the court does not re-weigh conflicting evidence, make determinations as to credibility, or substitute its own judgment for that of the Commissioner. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Rather, the court must adopt the Commissioner's findings if there is evidence in support of such findings "to justify a refusal to direct a verdict were the case before a jury." *Blalock v. Richardson*, 483 F.2d 773, 776 (4th Cir. 1972). "Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the [Commissioner] (or the [Commissioner's] designate, the [Administrative Law Judge])." *Walker v. Bowen*, 834 F.2d 635, 640 (7th Cir. 1987). Thus, even if the court would have reached a different decision, it must nonetheless defer to the conclusions of the ALJ if such conclusions are bolstered by substantial evidence and were reached through a correct application of relevant law. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987).

IV. Analysis

The plaintiff raises several objections to the Magistrate Judge's PF&R, which I will address in turn. The plaintiff's primary objection is that the Magistrate Judge erred in finding that the ALJ's subjective symptom analysis was supported by substantial evidence. Pl.'s Obj. PF&R 1. Specifically, the plaintiff avers that the Magistrate Judge failed to conduct an "independent judicial review" of the issues and the record in finding the ALJ's subjective symptom analysis supported by substantial evidence. *Id.* at 2.

### a. Magistrate Judge's Independent Review

According to the plaintiff, the Magistrate Judge ignored the basis for the plaintiff's appeal and "unilaterally adopt[ed]" the Commissioner's position without independently reviewing the record. *Id.* at 3. To be sure, a reviewing court "must not abdicate [its] traditional functions [in reviewing a case for substantial evidence]; [the court] cannot escape [its] duty to scrutinize the record as a whole to determine whether the conclusions reached are rational." *Oppenheim v. Finch*, 495 F.2d 396, 397 (4th Cir. 1974). Contrary to the plaintiff's assertion, however, Magistrate Judge Tinsley carefully reviewed the record in finding the ALJ's subjective symptom analysis supported by substantial evidence.

The Magistrate Judge first reviewed the plaintiff's background. PF&R 7. Then, the Magistrate Judge set forth a thorough analysis of the plaintiff's medical record, detailing the plaintiff's Function Report, in which the plaintiff stated he could prepare his own meals, drive a car, walk half a mile, attend church, and go shopping.

*Id.* at 7–8. Additionally, the Magistrate Judge examined the plaintiff's testimony at length. In a review spanning several pages, the Magistrate Judge detailed the plaintiff's statements at his administrative hearing regarding his abdominal pain, chest pain, back pain, shortness of breath, dizziness, anxiety, treatments for such conditions, and functional limitations. *Id.* at 8–10. Following this careful review of the record, the Magistrate Judge noted that the ALJ also considered the plaintiff's testimony and self-reports in finding the plaintiff only partially credible. *Id.* at 12. After reviewing the ALJ's eight reasons for finding the plaintiff's testimony inconsistent, the Magistrate Judge concluded that substantial evidence supported the ALJ's finding that the plaintiff's alleged severity of symptoms was not credible. *Id.* at 13–14. Thus, the plaintiff's argument that the Magistrate Judge "unilaterally adopt[ed]" the Commissioner's position without conducting an independent judicial review is without merit.

It follows that the plaintiff's assertion that the Magistrate Judge ignored and failed to consider the basis of his appeal—to the extent this contention states a specific objection—is likewise erroneous. On appeal, the plaintiff argued only that the ALJ erred in evaluating the plaintiff's credibility. Pl.'s. Br. 8 [ECF No. 7]. The Magistrate Judge explicitly considered this argument but determined that substantial evidence supported the ALJ's evaluation of the plaintiff's credibility after thoroughly reviewing the record. PF&R 10–14. Moreover, the Magistrate Judge explained that the ALJ properly applied the two-step analysis for evaluating

5

subjective complaints. *Id.* at 12–13. The Magistrate Judge in no way ignored or failed to consider the basis for the plaintiff's appeal.

### b. Deference to Credibility Determinations

The plaintiff further contends that the Magistrate Judge failed to conduct an independent judicial review of the record by applying the wrong standard in deferring to the ALJ's credibility determination. Pl.'s Objs. PF&R 3–4. Specifically, the plaintiff objects to the Magistrate Judge's assertion that the ALJ has the "exclusive responsibility" in making credibility determinations. *Id.* at 4. This argument also lacks merit.

Notably, the ALJ's determination of the plaintiff's credibility is the plaintiff's sole argument on appeal and therefore the only argument considered by the Magistrate Judge in the PF&R. "In reviewing for substantial evidence, [the court] do[es] not undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the Secretary." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). When an ALJ's factual finding rests on a credibility determination, it "should be accepted by the reviewing court absent exceptional circumstances," where, for instance, "a credibility determination is unreasonable, contradicts other findings of fact, or is based on an inadequate reason or no reason at all." *NLRB v. CWI of Md., Inc.*, 127 F.3d 319, 326 (4th Cir. 1997) (internal quotation marks omitted); *see Deltek, Inc. v. Dep't of Labor Admin. Rev. Bd.*, 649 Fed.Appx. 320, 329–30 (4th Cir. 2016) (emphasizing that credibility determinations are entitled to great deference); *see also Darvishian v. Geren*, 404

Fed.Appx. 822, 831 (4th Cir. 2010) (ALJ's credibility determinations are "virtually unreviewable" by the court on appeal).

Here, the ALJ enumerated no fewer than eight reasons for finding the plaintiff's subjective symptom analysis only partially credible. The ALJ found the plaintiff's allegations inconsistent because:

(1) Plaintiff's impairments including hernias, back pain, myocardial infarction, and anxiety, improved with treatment including medications, injections, and stent placement (Tr. at 25-28);

(2) Physical examinations regularly revealed a normal gait, full motor strength, normal posture, and normal reflexes (Tr. at 27);

(3) Plaintiff refused various treatment recommendations for his back pain (*Id.*);

(4) Mental status examinations were largely normal and revealed that the plaintiff was alert and fully oriented; calm and pleasant; made good eye contact; had normal speech; linear and goal directed stream of thought; normal thought processes and content; fair insight and judgment; normal memory; and normal attention and concentration (Tr. at 28);

(5) Mark Choueiri, M.D., the plaintiff's hernia repair surgeon, noted that the plaintiff could return to work with no restrictions (Tr. at 29, 431, 442);

(6) State agency physicians Porfirio Pascasio, M.D., and Rogelio Lim, M.D., reviewed the record and opined that the plaintiff could perform light work with postural and environmental limitations (Tr. at 28-29);

(7) State agency psychologist Paula Bickham, Ph.D., reviewed the record and opined that the plaintiff retained the ability to learn and perform work-like activity in an environment without strict production criteria (Tr. at 30, 101); and

7

> (8) Plaintiff engaged in numerous activities that were inconsistent with his allegations of disabling impairments, including driving for up to 45 minutes at a time; caring for his own personal needs; performing household chores such as washing dishes and clothes and sweeping; mowing the grass; preparing simple meals; attending his daughter's sporting events; attending church; and, even, hunting occasionally (Tr. at 21-23, 31).

While the court agrees with the plaintiff that the ALJ does not necessarily have "exclusive responsibility" for making credibility determinations, the Magistrate Judge nonetheless appropriately deferred to the ALJ's finding. The plaintiff cannot show the kind of "exceptional circumstances" that would permit the court to set aside the ALJ's credibility determination. The ALJ fully explained her finding, pointing directly to evidence in the record. Moreover, the determination is not unreasonable, given the inconsistencies between the plaintiff's testimony and self-reports. Therefore, under a substantial evidence review, not only was the Magistrate Judge permitted to defer to the ALJ's credibility determinations, the Magistrate Judge was *required* to do so, given the lack of exceptional circumstances. The court cannot, as the plaintiff suggests, reweigh the evidence on appeal.

V.  Conclusion

Accordingly, the court **OVERRULES** the plaintiff's objections. The court **ADOPTS** and **INCORPORATES** the findings and recommendation of the Magistrate Judge. The court **DENIES** the Plaintiff's Motion for Judgment on the Pleadings [ECF No. 7], **GRANTS** the Defendant's Motion for Judgment on the Pleadings [ECF No.

10], **AFFIRMS** the final decision of the Commissioner, and **DISMISSES** this matter from the docket.

The court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to counsel of record, any unrepresented party, and the Magistrate Judge.

ENTER: September 20, 2018

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE